UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. LOPEZ, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-1369-DC-CKD P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner, proceeds without counsel under 42 U.S.C. § 1983. Defendants' motion to deem requests for admission admitted or to require amended responses (ECF No. 43) is before the court. For the reasons set forth below, the motion is granted, in part, and plaintiff must serve amended responses within 14 days of service of this order. In addition, the court sets a new discovery cut-off for the claims and defenses involving defendant DeRamus and a deadline for dispositive motions as set forth below.

　　**I.　　Background**

　　Plaintiff proceeds on the first amended complaint filed on March 1, 2023 (ECF No. 10) with a deliberate indifference claim under the Eighth Amendment against defendants DeRamus, Gordon, and Lopez. (See ECF No. 11.) In relevant part, plaintiff alleges he requested medical assistance from defendant DeRamus on January 5, 2022, at 9:00 a.m. to flush his I.V. line to prevent clogging. (ECF No. 10 at 3.) Instead of providing this assistance, defendant DeRamus

1

told plaintiff he would be seen at 11:00 a.m. by defendant Lopez. (Id.) When defendant Lopez tried to flush the I.V. line at 11:00 a.m., it had already clogged, and plaintiff had to be hospitalized. (Id.)

The court issued a discovery and scheduling order on December 14, 2023, with an original discovery cut-off date of April 15, 2024. (ECF No. 26.) After defendant DeRamus appeared in this matter a month after the original discovery cut-off date, the court reopened discovery limited to claims and defenses against defendant DeRamus, including to allow a second deposition of plaintiff. (ECF No. 39.)

On August 16, 2024, defendant DeRamus timely served her first set of interrogatories and first set of requests for admission on plaintiff via mail. (ECF No. 43 at 3.) Defendant DeRamus also scheduled a deposition which was later canceled after receiving plaintiff's discovery responses. (Id.) Arguing that plaintiff failed to provide substantive responses to requests for admission Nos. 7-23, defendants now move for an order deeming them admitted or requiring plaintiff to amend his responses. (Id. at 7.) Plaintiff filed a written opposition to the motion. (ECF No. 48.) Defendants filed a reply. (ECF No. 49.)

**II.    Discussion**

Under Federal Rule of Civil Procedure 36(a)(6), a party requesting that another party respond to a written request to admit may move to determine the sufficiency of an answer or objection. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Having reviewed defendant DeRamus's Requests for Admission Nos. 7-23 (see ECF No. 43 at 5-6), the court finds they seek relevant information within the scope of discovery for plaintiff's claim that defendant DeRamus was deliberately indifferent to plaintiff's serious medical needs. See Fed. R. Civ. P. 26(b)(1) (setting forth the broad scope of permissible discovery which includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…"). Plaintiff objected to these requests, stating the following: "Objection. Fed. R. Civ. P. 33(B)(4) see order from Honorable Judge Carolyn K.

[Delaney] Order #2 Discovery limited to Defendant DeRamus." (Id. at 7.) Defendants argue the objections are invalid because (1) Rule 33 governs interrogatories, not requests for admissions; and (2) each request relates directly to plaintiff's deliberate indifference claim against defendant DeRamus. (Id.)

Plaintiff argues in opposition to the motion that Requests for Admission Nos. 7-23 are "asked and answered" and "outside the scope of the order [reopening] discovery… which was limited to defendant DeRamus." (ECF No. 48 at 1.) Plaintiff argues defense counsel is trying to take advantage of plaintiff's layman status and "trying to change the narrative with said items." (Id. at 2.)

Plaintiff's objections to Requests for Admission Nos. 7-23 are overruled. Although the requests at issue do not concern specific interactions between plaintiff and defendant, they are nevertheless relevant and within the scope of discovery for the deliberate indifference claim against defendant DeRamus. Requests for Admission Nos. 7-16 are relevant to causation and Requests for Admission No. 17-23 are relevant to plaintiff's claims of injuries and damages. Plaintiff's pro se status will not excuse him from properly responding to the discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure). Lack of a lawyer does not excuse noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Thus, the court agrees plaintiff's objections are insufficient to prevent the discovery and the objections are overruled. Accordingly, within 14 days of the date of this order, plaintiff shall serve defendant with amended responses. The court denies the portion of the motion requesting to deem the requests to be admitted. See Watkins v. Greenwood, No. 1:16-CV-00850-LJO-SAB, 2017 WL 3593460, at *4, fn. 3 (E.D. Cal. Aug. 21, 2017) (noting courts' reluctance to deem matters admitted when, for example, a pro se prisoner has not received adequate notice). If plaintiff fails to respond, or fails to provide a sufficient response, the court will entertain a further

timely-filed discovery motion.

### III. Order

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to deem requests for admission admitted or to require amended responses (ECF No. 43) is GRANTED in part, to the extent that plaintiff shall serve defendant with amended responses to the requests for admissions served on August 16, 2024, within 14 days of service of this order.

2. The pretrial scheduling order is amended to extend the discovery deadline for discovery limited to the claims and defenses against defendant DeRamus to June 6, 2025. All pretrial motions, except motions to compel discovery, shall be filed on or before August 29, 2025.

3. Plaintiff is cautioned that failure to comply with this order or with further discovery obligations may result in sanctions up to and including to dismissal of the case.

Dated: April 11, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mart1369.rfa