UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS A. MARTINEZ, Plaintiff, v. P. LOPEZ, R.N., et al., Defendants. | No. 2:22-cv-01369-DC-CKD (PC) <br> <u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u> <br> (ECF Nos. 55, 59, 63) |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 22, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff requested and was granted an extension of time, and he filed objections to the findings and recommendations. (ECF No. 66.) Defendants filed a response thereto on July 31, 2026. (ECF No. 67.)

In his objections, Plaintiff does not meaningfully object to the analysis in the findings and recommendations, but rather, Plaintiff contends that he has new facts and evidence that show a genuine dispute of material fact exists. (ECF No. 66.) For example, Plaintiff does not contest the magistrate judge's finding that the evidence did not show that nurse Defendant Lopez was

subjectively deliberately indifferent to his serious medical needs because "Defendant Lopez was not required to accept as true plaintiff's personal belief that waiting until medication pass for the PICC line to be flushed would result in a harmful clog." (ECF No. 63 at 11.) But Plaintiff argues that the California Medical Healthcare Services Policy and Procedure Manual shows "the importance of flushing a central line and TPN [Total Parenteral Nutrition] infusion," and that flushing should be done immediately after the infusion ends. (ECF No. 66 at 3.) Plaintiff attaches excerpts of that manual as exhibits to his objections. (*Id.* at 22–31.) Plaintiff also attaches an excerpt from his deposition testimony, in which he testifies that when his infusion ended on January 5, 2022, he knocked loudly on the door and asked the officer why he had not called for the nurse; the officer "yelled down the tier" and Defendant Lopez stuck her head out the door, asking "what?"; and the officer responded "[Plaintiff's] IV is done." (ECF No. 66 at 18–19.) Plaintiff explained further in his deposition that he could hear Defendant Lopez's response because the door was open, and she said, "tell him I'll be there at 11:30 med pass," to which the officer said, "I don't think he's going to go for that," and she said "well, he's got no choice." (*Id.* at 19.) This additional evidence is presented for the first time in Plaintiff's objections to the findings and recommendations. This evidence was not before the court when the magistrate judge concluded that, "[a]lthough plaintiff alleges he knew the line needed to be flushed immediately after the machine started beeping, and that doing so would have prevented the clog, plaintiff's subjective belief is not sufficient to demonstrate defendant Lopez should have known an approximate two-hour delay would cause harm." (ECF No. 63 at 11.)

As for the nursing assistant Defendant DeRamus, Plaintiff points to his deposition testimony that he asked her to contact the nurse supervisor because Defendant Lopez was "making a big mistake" in not promptly flushing his line, and he showed Defendant DeRamus the blood backflow into his IV and asked her to please get him help, but she walked away. (ECF No. 66 at 19–20.) Again, this evidence was not before the court when the magistrate judge concluded, "[e]ven if defendant DeRamus should have bypassed defendant Lopez and taken some further action, defendant DeRamus' conduct in not doing so involves no more than negligence, which does not suffice to establish a constitutional violation." (ECF No. 63 at 12.)

The undersigned recognizes that this additional evidence is presented for the first time in Plaintiff's objections to the findings and recommendations. "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). As the Ninth Circuit explained in *Howell:*

> [A]ffording district courts discretion to consider new evidence makes prudential sense. The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.

231 F.3d at 622. In exercising its discretion, the court is mindful of Plaintiff's *pro se* status. *See Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) (emphasizing the petitioner's *pro se* status and concluding "the district court abused its discretion in refusing to allow Brown to present a new argument in objection to the magistrate judge's findings and recommendation"). Given that the proffered additional evidence speaks to the magistrate judge's analysis and consideration of that evidence might alter the findings and recommendations, the court will exercise its discretion to permit the additional evidence and will also exercise its discretion to refer the matter back to the magistrate judge for further consideration as to Defendants Lopez and DeRamus. *See* 28 U.S.C. § 636 ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

However, Plaintiff does not offer any additional evidence pertaining to the correctional officer Defendant Gordon, and the court finds the findings and recommendations recommending summary judgment be granted in favor of Defendant Gordon to be supported by the record and proper analysis.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court will adopt the recommendation that summary judgment be granted in favor of Defendant Gordon, and will decline to adopt the findings and recommendations as to Defendants Lopez and

DeRamus at this time pending further consideration of the additional evidence by the magistrate judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 63) are ADOPTED IN PART;
2. Defendants' motion for summary judgment (ECF No. 55) is GRANTED in part;
   a. Defendants' motion for summary judgment as to Defendant Gordon is GRANTED;
   b. Defendants' motion for summary judgment (ECF No. 55) as to Defendants Lopez and DeRamus is REFERRED back to the magistrate judge for further proceedings;
3. Defendants' request for dismissal with prejudice (ECF No. 59) is DENIED; and
4. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dena Coggins
United States District Judge